2014 OK 43

**SINOR'S LONG BAY MARINA, LLC,
Paula Gibson and Larry Gibson,
Plaintiffs/Appellees,**

v.

**WAGONER COUNTY RURAL WATER
DISTRICT NO. 2, Defendant/Appellant.**

Nos. 111,317, 111,387.

Supreme Court of Oklahoma.

May 27, 2014.

James C. Milton, Bryan J. Nowlin, and Travis Cushman, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Oklahoma, for Appellees.

Gerald F. Pignato, S. Corey Stone, and Erin J. Rooney, Pignato, Cooper, Kolker & Roberson, P.C., Oklahoma City, Oklahoma, for Appellant.

REIF, V.C.J.:

¶1 This case concerns the rate charged by Wagoner County Rural Water District No. 2 for water service provided to recreational vehicle parks within the District. In addition to the standard tap rate that every business is charged, the rate charged recreational vehicle parks was also based on the number of RV hook-ups provided by the park.

¶2 The owners of two recreational vehicle parks, Sinor's Long Bay Marina, LLC, and Paula and Larry Gibson, alleged this is discrimination in pricing that is forbidden by the Oklahoma Antitrust Reform Act (Antitrust Act), 79 O.S.2011, §§ 201–212. The District's consistent response has been that rural water districts are not subject to the Antitrust Act for the rates set pursuant to the Rural Water, Sewer, Gas and Solid Waste Management Districts Act (Rural Water Act), 82 O.S.2011, §§ 1324.1–1324.50. For the reasons that follow, we hold (1) the Antitrust Act does not apply to rates set by a rural water district and (2) the Rural Water Act contemplates that a customer grievance over rates be decided first by the water district board subject to appellate review by the district court.

¶3 On its face, the Antitrust Act does not apply to all pricing activity, but only the pricing activity of a party that meets the definition of "person" as set forth in section 202(3) of the Act. This section expressly excludes "the State of Oklahoma, its departments and its administrative agencies" from the definition of person. This exclusion of the State and its agencies from the definition of person has only two exceptions—the Grand River Dam Authority and the Oklahoma Municipal Power Authority. In section 1324.6(6) of the Rural Water Act, the Legislature provided, in pertinent part, that "[a water] district shall be a body politic and corporate and *an agency and legally constituted authority of the State of Oklahoma* for the public purposes set forth in [the Rural Water Act]." (emphasis added). Clearly, a water district, being a State agency, is not a "person" under the Antitrust Act.

¶4 In section 1324.10(10) of the Rural Water Act, a water district is granted power "to [f]ix, regulate and collect rates, fees, rents or other charges for water . . . and any other facilities, supplies, equipment or services furnished by the district." This section further provides that "Said rates shall be just, reasonable and *nondiscriminatory*." (Emphasis added).

¶5 Under section 1324.11(C), the district's board of directors can review and adjust rates "as deemed necessary." In section 1324.10(11) of the Rural Water Act the district is further authorized "to [d]o and perform all acts and things, and to have and exercise any and all powers as may be necessary, convenient or appropriate to effectuate the purposes for which the district was created."

¶6 The right of water district customers to be charged "nondiscriminatory" rates is granted by the Rural Water Act, not the Antitrust Act. A complaint by a customer that a rate was discriminatory would make review of the rate by the district "necessary, convenient and appropriate" within the authority granted in sections 1324.10(10) and 1324.11(C). The district's further powers to "regulate" and "adjust" rates evinces Legislative intent that the district decide such complaints in the first instance. Review and decision of a complaint of this nature by the district would be a quasi-judicial function; the water district's decision would, in turn, be subject to judicial review by appeal to district court under 12 O.S.2011, § 951.

¶7 Legislative intent to make water district review of rate complaints a quasi-judicial function is also found in the Regional Water Distribution Act, 82 O.S.2011, §§ 1251–1288. This is a related statutory scheme. The chief difference between water districts created under this Act and those created under the Rural Water Act is that *regional* water districts are created by the

interlocal agreement of the counties in which the regional district will operate. The districts created under each respective act otherwise have similar powers and purposes. Concerning the regional district's power to fix and regulate rates, the Legislature has allowed a "person aggrieved by the services furnished or rates charged" to present a grievance to the district and "to petition said grievance from the decision or action of said water district, to the district court." 82 O.S. 2011, § 1273.

¶ 8 A water district created under the Rural Water Act is an agency and legally constituted authority of the State of Oklahoma, but cannot levy any taxes whatsoever or make any assessments on property. 82 O.S.2011, § 1324.6. It is a public nonprofit entity operated for the public purpose of developing and providing an adequate water supply to serve and meet the needs of rural residents within the territory of the district. § 1324.3. Its revenues are limited to rates, fees, rents and other charges for water and services which, in turn, must be devoted to payment of (1) operating and maintenance expenses, (2) principal and interest on outstanding obligations, and (3) reserves for improvements, retirement of indebtedness, new construction, depreciation and contingencies. § 1324.11. As a public nonprofit entity, its rates and revenues are not to exceed the amounts required for these purposes. *Id.*

¶ 9 The time and expense of litigation required to pursue remedies under the Antitrust Act are totally inconsistent with the nature of a rural water district and the general intent that it serve the rural residents within its territory "as may be necessary, convenient or appropriate." Grievance proceedings to challenge rates before the water district board, with judicial review by appeal to district court, better serve residents of a district and the public interest reflected in the Rural Water Act.

¶ 10 It was error for the trial court to grant any relief in this case under the Antitrust Act or on any basis unrelated to plaintiffs' complaint that the rate charged their respective water park businesses was discriminatory and in violation of section 1324.10(10). However, the record created in

pursuit of that relief is sufficient for the trial court to conduct judicial review of the water district's denial of relief to plaintiffs on this complaint. It is also sufficient for the trial court to fashion corrective relief, such as adjusting the rate and ordering a partial refund, in the event the trial court determines the challenged rate is discriminatory.

¶ 11 Based upon the foregoing considerations, the trial court's judgment on the jury verdict is reversed, the injunctive relief is vacated and this case is remanded to the trial court for further proceeding consistent with this opinion.

**JUDGMENT ON THE JURY VERDICT REVERSED; REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

¶ 12 COLBERT, C.J., REIF, V.C.J., WATT, WINCHESTER, EDMONDSON, TAYLOR, COMBS, and GURICH, JJ., concur.

¶ 13 KAUGER, J., concurs in result.